UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELMER SMITH,

    Petitioner,

v().                                                                    Case No. 8:20-cv-652-TPB-CPT
**DEATH CASE**

SECRETARY, Department of Corrections,
   *et al.*,

    Respondent.
_____/

**O R D E R**

Smith applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of both his conviction for murder and his sentence of death. In accord with the earlier order (Doc. 8), the respondent moves to dismiss seven grounds for procedural or jurisdictional reasons, which Smith opposes. (Docs. 10 and 16)[1]

**I.  JURISDICTIONAL DEFICIENCY**

Federal habeas relief is available to correct only constitutional injury, *Wainwright v. Goode*, 464 U.S. 78, 83 (1983), and federal habeas corpus review of an alleged violation of state law is limited by 28 U.S.C. § 2254(a): "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

---

[1] As the earlier order authorizes, the respondent replied. (Doc. 17)

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." As a general principle, an alleged violation of state law fails to assert a constitutional issue, as *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992), explains:

> Questions of state law rarely raise issues of federal constitutional significance, because "[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983) (citations omitted). We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render "the entire trial fundamentally unfair." *Id.* at 1054 (defective jury charge raises issue of constitutional dimension "only if it renders the entire trial fundamentally unfair"); *see also Futch v. Dugger*, 874 F.2d at 1487 (improperly admitted evidence "must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial"). "[T]he established standard of fundamental fairness [when reviewing state evidentiary rulings] is that habeas relief will be granted only if the state trial error was material in the sense of a crucial, critical, highly significant factor.'" *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (quoting *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976)).

*See also Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) ("Federal habeas courts . . . do not grant relief, as might a state appellate court, simply because the [jury] instruction may have been deficient in comparison to the [state's] model [instruction, and] the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); *Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1299 (11th Cir. 2017) ("[I]t is not a federal court's role to examine the propriety of a state court's determination of state law."), *cert. denied*, 139 S. Ct. 193 (2018).

**Ground 1:**

Smith alleges that the state failed to present sufficient evidence to prove that he killed Briles. The respondent argues that the claim presents only an issue of state law, specifically, the sufficiency of the evidence under Florida's special standard of review when the prosecution is based entirely on circumstantial evidence.

*Bush v. State*, 295 So.3d 179, 200 (2020) (quoting *Knight v. State*, 107 So. 3d 449, 457 (Fla. 5th DCA 2013)), explains the difference between the special standard applied if the conviction is based solely on circumstantial evidence and the historical standard applied if the conviction is based on some direct evidence.

> The special standard is most often articulated by Florida's appellate courts this way: 'Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.'
>
> . . . .
>
> The standard of review historically applied to a determination of the legal sufficiency of evidence to support a criminal conviction, at least where there is some direct evidence, is simply whether the State presented competent, substantial evidence to support the verdict.

The difference between the two standards is whether "the evidence is inconsistent with any reasonable hypothesis of innocence."

Smith's conviction was affirmed on direct appeal under the special standard of review. *Smith v. State*, 170 So.3d 745, 756 (Fla. 2015) ("*Smith I*"), *cert. denied*, 577 U.S. 1121 (2016), holds that "[i]n reviewing all the evidence presented in the light most favorable to the State, as well as Smith's hypothesis of innocence, we conclude that competent, substantial evidence supports the jury's finding of guilt

and is inconsistent with any reasonable hypothesis of innocence." Florida has subsequently abandoned the special standard of review.[2] The respondent correctly cites *Preston v. Sec'y, Florida Dep't of Corr.*, 785 F.3d 449, 451 (11th Cir. 2015), for the proposition that Florida's special standard is a state law claim and not a federal claim reviewable under Section 2254.

In opposing the respondent's motion to dismiss Ground 1, Smith argues that he presented his claim on direct appeal as both a federal question and a state law question. In his initial brief, Smith stated his claim as "[t]he state did not present sufficient evidence to prove that Delmer Smith killed Kathleen Briles." (Respondent's Exhibit A-22 at 45) This statement of the claim does not specifically identify which standard of review is challenged. After identifying relevant facts, the brief begins the legal argument with the following paragraph:

> The due process clauses of the United States and Florida constitutions required the State to prove the identity of the perpetrator beyond a reasonable doubt. *See* U.S. Const. amends. V and XIV; Art. I, § 9, Fla. Const. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "The state bears the responsibility of proving a defendant's guilt beyond and to the exclusion of a reasonable doubt." *Long v. State*, 689 So.2d 1055, 1057 (Fla. 1997). "A fundamental principle of our criminal law is that the prosecutor must establish beyond a reasonable doubt the identity of the accused as

---

[2] *Bush v. State*, 295 So.3d at 184 (citations omitted), explains:

As in all death cases, the sufficiency of the evidence to support Bush's first-degree murder conviction is at issue, requiring that we consider the appropriate standard of review for this important evaluation. For many years, Florida has been an outlier in that we have used a different standard to evaluate evidence on appeal in a wholly circumstantial evidence case than in a case with some direct evidence. As we will explain, we now join all federal courts and the vast majority of state courts in abandoning this special appellate standard . . . .

perpetrator of the charged offense." *Owen v. State*, 432 So.2d 579, 581 (Fla. 2d DCA 1983).

The paragraphs that follow focused solely on Florida's special standard of review. Nevertheless, the opening paragraph was sufficient to alert the court that Smith was asserting a federal claim, as *Preston*, 785 F.3d at 451, explains:

> Before the Florida Supreme Court, Preston brought only a state sufficiency of the evidence claim, and relied on Florida's heightened burden of proof in cases involving circumstantial evidence. Notably, neither his claim nor his briefs cited to any federal cases, let alone *Jackson v. Virginia*; he did not mention the *Jackson* standard; he did not cite to the Due Process Clause of the Fourteenth Amendment or any other federal constitutional provisions; indeed, he did not even mention the word "federal" or refer to federal law in any other way.

*Accord Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal.")

Consequently, Ground 1 is dismissed to the extent that it asserts a claim based on Florida's special standard of review for determining sufficiency of the evidence if the prosecution relies solely on circumstantial evidence. Smith may proceed with Ground 1 to the extent that it asserts a claim under federal law.

## II. EXHAUSTION

The respondent argues that Grounds 2–6 and 12 are procedurally barred from federal review because Smith failed to fully exhaust his available state court remedies by failing to "federalize" each claim. In five of the grounds, Smith asserts that the trial court erred (A) by denying a "motion for mistrial when the

investigator indicated she was doing an investigation for the City of Sarasota" (Ground 2); (B) by "allowing into evidence [his] statement to Joshua Hull [because] the statements were too vague . . ." (Ground 3); (C) by "denying [his] request for a continuance" (Ground 4); (D) by "violat[ing] the Eighth Amendment's ban on Cruel and Unusual Punishment in finding the murder was especially heinous, atrocious, or cruel" (Ground 5); and (E) by "violat[ing] the Eighth and Fourteenth Amendments to the United States Constitution in failing to find two statutory mitigating circumstances" (Ground 6). In Ground 12, Smith asserts entitlement to the retroactive application of *Riley v. California*, 573 U.S. 373 (2014), which he argues holds "that law enforcement officers must obtain a warrant before searching a criminal defendant's cell phone."

An applicant must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").

Smith presented to the state courts the underlying basis for Grounds 2–6, but he presented each claim as a matter state law and not federal law. Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds, as *Duncan v. Henry*, 513 U.S. at 365–66, explains:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*See also Baldwin v. Reese*, 541 U.S. at 32 ("We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim . . . .").

Smith argues that, for Grounds 2–6, he presented to the state courts "the basic gist" of his federal claim or that the state court was "on notice" that he was asserting a "federal constitutional issue." However, in his opposition to the pending motion to dismiss, Smith either explicitly or implicitly concedes that no federal issue was specifically raised during the state court proceedings. Smith argues for federal review because the grounds in his federal application now allege a federal issue. As stated above, the exhaustion doctrine generally precludes federal review if the specific federal claim was not "fairly presented" to the state courts. Consequently, the claims in Grounds 2–6 are procedurally defaulted from federal review because Smith failed to "federalize" the claims while in state court.

Ground 12, however, involves a different procedural obstacle. Law enforcement officers searched Smith's cell phone without first obtaining a warrant. Smith challenged the lawfulness of the search neither during the trial proceedings nor the appellate proceedings. Smith filed his initial brief on direct appeal on April 8, 2014. The state filed the answer brief on June 20, 2015. Five days later (on June

25, 2014), *Riley v. California*, 573 U.S. at 388, 401, held that law enforcement officers must obtain a warrant before searching a defendant's cell phone even though the search is incident to an arrest, and nearly two months later (on August 13, 2014), Smith filed his reply brief.  Nearly a year later (on July 9, 2015), the Florida Supreme Court affirmed the conviction and sentence in *Smith I.*

Smith's first challenge to the lawfulness of the warrantless search was during the post-conviction proceedings.  On appeal, Smith alleged (1) that trial counsel rendered ineffective assistance by not moving to suppress the results of the warrantless search (Issue III on post-conviction appeal;[3] Ground 11 in the federal application) and (2) that the post-conviction court erred in rejecting his asserted entitlement to the retroactive application of *Riley* (Issue IV on post-conviction appeal; Ground 12 in the federal application).  *Smith v. State*, 310 So. 3d 366, 373–74 (Fla. 2020) ("*Smith II* "), determined that the issue of *Riley's* retroactive application was procedurally barred:

> Next, Smith argues that he is entitled to a new trial under *Riley*, 573 U.S. at 403, 134 S. Ct. 2473, in which the United States Supreme Court held that law enforcement officers must generally obtain a warrant before searching a person's cell phone, even when the cell phone is seized incident to arrest. Smith argues that *Riley* applies to his case because his direct appeal was pending when *Riley* was decided. We need not determine whether *Riley* applies to Smith's case or whether the search of Smith's cell phone was illegal, for Smith's claim is procedurally barred because he failed to raise this issue on direct appeal. *See Johnson v. State*, 104 So. 3d 1010, 1027 (Fla. 2012) ("Claims that should have been raised on direct appeal are procedurally barred from being raised in collateral proceedings"); *Garcia v. State*, 622 So. 2d 1325, 1326–27 (Fla. 1993) (observing that a

---

[3] Respondent's Exhibit C2.

> procedural bar applies to claims that could have been argued on direct appeal if preserved).
>
> There is no dispute that Smith failed to raise this claim on direct appeal. Accordingly, Smith's claim is procedurally barred.

*Smith II* establishes that Smith never raised this issue on direct appeal. Although *Riley* issued while the direct appeal was pending — and before Smith filed his reply brief — Smith never (as the respondent argues in reply) "attempt[ed] to preserve the issue by raising it in his pleading [or moving] for supplemental briefing . . . ." (Doc. 17 at 6) Smith is correct about his entitlement to *Riley* on direct appeal, but he failed to timely assert entitlement to *Riley* while the appeal was pending; his asserting *Riley* on post-conviction was too late and procedurally incorrect. Consequently, the Ground 12 is procedurally defaulted.

### III.  PROCEDURAL DEFAULT

An applicant must present each claim to the state court in the procedurally proper manner, as *Magwood v. Patterson*, 561 U.S. 320, 340 (2010), explains:

> A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error. If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention — whether in trial, appellate, or habeas proceedings, as state law may require — procedural default will bar federal review.

*See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (The "failure to present three of his federal habeas claims to the [state court] in a timely fashion has resulted in a procedural default of those claims.").

Smith procedurally defaulted Grounds 2–6 by failing to "fairly present" — or "federalize" — each claim while in state court. The doctrine of procedural default

generally prohibits a federal court from considering a specific habeas claim that was not presented to the state courts but which would be procedurally defaulted if the applicant were to return to state court to present the claim. *Snowden v. Singletary*, 135 F.3d 732, 736-37 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

As is relevant to Ground 12, a claim is procedurally barred from federal review if a claim was presented to the state courts but the state court rejected reviewing the claim based on a procedural deficiency, as *Harris v. Reed*, 489 U.S. 255, 262 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)), explains:

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

Consequently, the state court must declare that it is enforcing the procedural rules. "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. at 261 (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)). Citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris v. Reed*, 489 U.S. at 266. Consequently, the initial question is whether the state court issued a "plain statement" applying the independent and adequate state procedural bar for Ground 12. As recited above, *Smith II* clearly and

plainly states that "Smith's claim is procedurally barred" and denies the claim without further analysis.

The above analysis shows that Grounds 2–6 and 12 are procedurally defaulted. As a general proposition, a federal court is precluded from addressing the merits of a procedurally defaulted ground unless the applicant can show "cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 72, 29–30 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must show "not merely that the errors at his trial created the <u>possibility</u> of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (underlining original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

To meet the fundamental miscarriage of justice exception, Smith must show constitutional error coupled with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying a certificate of probable cause).

Smith presents no argument to overcome the procedural default under the "cause and prejudice" or "fundamental miscarriage of justice" exceptions to the

procedural default doctrine. Therefore, each ground is procedurally barred from federal review.

**Accordingly**, the respondent's motion to dismiss (Doc. 10) is **GRANTED** in part and **DENIED** in part as follows:

1. The state law claim in Ground 1 is **DISMISSED** but the ground my proceed as an insufficiency of the evidence claim reviewed under federal law.

2. Grounds 2–6 and 12 are **DISMISSED** as procedurally barred from federal review.

**Further**, the respondent has **SIXTY DAYS** to file a response to the remaining grounds and Smith has **THIRTY DAYS** to reply.

ORDERED in Tampa, Florida, on September 29, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**